**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-51307
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFONSO PACHECO PARRA, also known as Alfonso Parra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-100-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alfonso Pacheco Parra appeals the 121-month sentence imposed following his guilty-plea conviction for money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Parra argues that the district court erred by applying U.S.S.G. § 2S1.1(a)(1) rather than § 2S1.1(a)(2) because the offense level for the underlying offense cannot be determined. Parra contends that the offense level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cannot be determined because the drug types and drug amounts involved in the underlying offense are unknown.

Ordinarily, the abuse-of-discretion standard applies to appellate review of sentencing decisions. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). Neither *Gall, Rita v. United States*, [127 S. Ct. 2456 (2007)], nor *Kimbrough v. United States*, [128 S. Ct. 558 (2007)] purport to alter [this court's] review of the district court's construction of the Guidelines or findings of fact." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This court reviews the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Charon*, 442 F.3d 881, 887 (5th Cir. 2006). A factual finding is clearly erroneous only if, based on the entirety of evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006). A factual finding is not clearly erroneous if it is plausible in light of the entire record. *Id.*

Parra failed to establish the information contained in the PSR was materially untrue. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). The district court therefore did not clearly err in relying on the drug types and quantities set forth in the PSR. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Because drug types and quantities were known, the underlying offense level was determinable. Accordingly, the district court did not clearly err in applying § 2S1.1(a)(1) rather than § 2S1.1(a)(2).

While Parra's appeal was pending, the Supreme Court decided *Cuellar v. United States,* 128 S. Ct. 1994 (2008). Parra concedes that, in light of *Cuellar*, the factual basis was sufficient to support his money laundering conviction because it set forth evidence indicating why he moved the money. Because Parra intentionally relinquished his right to challenge the sufficiency of the factual basis, this issue is unreviewable. *See United States v. Musquiz,* 45 F.3d

927, 931 (5th Cir. 1995). Accordingly, the judgment of the district court is AFFIRMED.